J-S43038-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS DARTOE | : | No. 1985 EDA 2023 |

Appeal from the Order Entered July 20, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006369-2007

BEFORE:  KUNSELMAN, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED MARCH 3, 2026**

The Commonwealth of Pennsylvania appeals from the order granting Thomas Dartoe's petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9545 and ordering his release from custody.  After careful consideration, we hold that Dartoe's untimely PCRA petition did not establish, as a newly discovered fact, that he was less than 14 years of age at the time of the offense and thus could not be tried as an adult for his crimes.  Rather, Appellant had provided the PCRA court with a newly willing source for facts about his age that had been previously known or could have been known through due diligence.  Accordingly, we reverse the PCRA court's order and remand for the reimposition of Dartoe's judgment of sentence.

This case stems from a series of burglaries that occurred between February and April of 2007.  Dartoe was arrested in Philadelphia on April 11, 2007, confessed to six burglaries, and admitted to threatening and shooting

various burglary victims. **See** N.T. Guilty Plea, 12/14/09, at 11-15 (factual recitation of the six burglaries in question). The parties litigated whether Dartoe, who had been born in Liberia and did not have a birth certificate, was older than fourteen, an issue relevant to whether the case could proceed in adult criminal court. On September 12, 2007, the late honorable Frank Abram Reynolds conducted a certification hearing to determine Dartoe's age. Immigration records listed a 1995 birth date for Dartoe. If those records were accurate, Dartoe was eleven at the time of the crimes and ineligible for prosecution in adult court. Yet the accuracy of that date was questioned almost immediately. Judge Reynolds heard testimony from Dartoe's foster mother, who testified that Dartoe was older than she had initially been told by authorities, and that she had moved him from third to sixth grade because he was older than the other children in his class. Additionally, the Commonwealth and the defense introduced conflicting bone scan evidence of his age at this hearing. A police officer also testified that Dartoe told him, when arrested, that he had a "younger sister" who was 13.

Judge Reynolds also noted that, based upon his observation in court of Dartoe's appearance, physical development, and "voice change," Dartoe was over the age of 14. **See** PCRA Court Opinion, 4/4/25 (hereinafter, PCO) at 9 (listing evidence from the decertification hearing). The case thus proceeded in criminal court.

On December 14, 2009, Dartoe entered a negotiated guilty plea to one count each of aggravated assault, conspiracy, criminal trespass, and

- 2 -

possession of an instrument of crime.[1]  Prior to the sentencing hearing, defense counsel obtained a forensic evaluation of Dartoe.  As a part of this evaluation, Dartoe's uncle, Cheywlue Dartoe, provided information about Dartoe's birth and early life.  Cheywlue was adamant at this time, despite Judge Reynold's ruling, that Dartoe was born in 1995.  The evaluation also noted that Dartoe had told doctors that his family told him to lie about his age when coming to the United States.  Nonetheless, on February 2, 2010, Dartoe was sentenced to an aggregate term of seven to twenty years' incarceration. Dartoe did not file any post-sentence motions to withdraw his plea, nor did he file a notice of appeal.

Acting *pro se*, Dartoe filed his first PCRA petition on January 6, 2012. Counsel was appointed and filed an amended petition on Dartoe's behalf.  The PCRA court dismissed the PCRA petition without a hearing, and Dartoe appealed.  This Court affirmed this dismissal because the PCRA petition had been untimely filed, and the Pennsylvania Supreme Court declined Dartoe's request for additional review.  **See Commonwealth v. Dartoe**, 1890 EDA 2014, 2016 WL 2894245 (Pa. Super. filed February 19, 2016) (unpublished memorandum), *appeal denied*, 145 A.3d 723 (Pa. 2016).

Dartoe filed the *pro se* PCRA petition underlying these proceedings on December 13, 2017, and a supplement thereto on May 14, 2018.  In the December 13, 2017 petition, Dartoe claimed that a "manifest injustice"

_____

[1] 18 Pa.C.S. §§ 2702(a), 903(a)(1), 3503a)(1)(ii), and 907(a), respectively.

- 3 -

occurred with the prosecution of an eleven-year-old as an adult. In the supplement, Dartoe raised the claim that he had obtained new evidence in the form of a letter from the Pennsylvania Innocence Project, dated April 23, 2018, which included information that another individual was responsible for Dartoe's crimes. Attorney Peter A. Levin was appointed, and filed an amended PCRA petition on September 18, 2019, asserting that the exculpatory information received from the Innocence Project showed someone other than Dartoe had committed his crimes; the amended petition also attempted to re-litigate the determination of Dartoe's age. On this latter point, Attorney Levin produced school and social security records that list Dartoe's birth date as 1995. Counsel also filed amendments to Dartoe's PCRA petition after obtaining the PCRA court's permission to do so.[2] The Commonwealth opposed Dartoe's arguments and, over time, filed multiple motions to dismiss his PCRA petition.

The PCRA court ordered an evidentiary hearing to be conducted on the amended petition. On April 19, 2023, just days before this hearing, Attorney

---

[2] The PCRA court's opinion states that amendments were filed with leave of court, but the docket does not reflect that counsel sought the permission of the PCRA court to file an amendment, or that the court granted any such request. We note that, under Pa.R.Crim.P. 905(A), amendments to a PCRA petition "are not 'self-authorizing' such that a petitioner may simply 'amend' a pending petition with a supplemental pleading. Rather, the Rule explicitly states that amendment is permitted only by direction or leave of the PCRA court." *Commonwealth v. Miranda*, 317 A.3d 1070, 1076 (Pa. Super. 2024) (citations omitted). Thus, a petitioner's attempts to amend their PCRA petition will not preserve a claim if the PCRA court did not authorize the amendment. *Commonwealth v. Baumhammers*, 92 A.3d 708, 730-31 (Pa. 2014).

Levin filed a second supplemental petition, now asserting that he had received new information and documentation from Susan Roy, Esquire, an immigration attorney, that show Dartoe's birth date as 1995. These documents include immigration records going back to 1999.

On April 27, 2023, the PCRA court conducted the evidentiary hearing at which Dartoe's uncle testified via telephone. Thereafter, on July 20, 2023, the court granted Dartoe's PCRA petition and vacated his convictions, finding that Judge Reynolds had erred by failing to transfer this case to juvenile court. Specifically, the PCRA court concluded that the fact of Dartoe's actual age was a non-waivable jurisdictional issue, and that Dartoe's uncle provided newly discovered evidence relevant to that issue, and that the birthdate included in Dartoe's immigration records was correct. The Commonwealth filed a notice of appeal, and both it and the PCRA court have complied with Pa.R.A.P. 1925.[3]

On appeal, the Commonwealth raises the following issues for our review:

> 1. Did the lower court err by ruling that [Dartoe's] claim was entitled to the "newly discovered [fact]" exception to the PCRA's time bar, where all the salient facts had been known to defendant for decades and were well established by record evidence long before the present PCRA petition was filed?
>
> 2. Did the lower court err by granting PCRA relief on a claim that was, in addition to being untimely, both waived and meritless?

---

[3] We note with displeasure that the brief filed by the Commonwealth in this appeal fails to conform to the requirements of Pa.R.A.P. 2111(a)(10) and (a)(11) in that neither the PCRA court's opinion nor the Commonwealth's statement of errors are properly appended thereto.

Commonwealth's Brief at 4.

"We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is free of legal error." *Commonwealth v. Min*, 320 A.3d 727, 730 (Pa. Super. 2024) (citation omitted). The scope of our review is "limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Commonwealth v. Hanible*, 30 A.3d 426, 438 (Pa. 2011) (citation omitted). We defer to the factual findings of the post-conviction court which was tasked with hearing the evidence and assessing witness credibility. *Commonwealth v. Johnson*, 289 A.3d 959, 979 (Pa. 2023). The PCRA court's legal determinations, however, are subject to plenary review. *Commonwealth v. Howell*, 322 A.3d 243, 245 (Pa. Super. 2024).

We begin our evaluation of this appeal by addressing the timeliness of Dartoe's petition, because PCRA time limitations implicate our jurisdiction and may not be disregarded in order to address the merits thereof. *See* *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the

date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, any petition attempting to invoke one of these exceptions must "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Dartoe's PCRA petition is untimely on its face. Dartoe's judgment of sentence became final on March 4, 2010, upon expiration of the 30-day period to file a direct appeal. Pa.R.A.P. 903(a) (notice of appeal must be filed within 30 days of the order under appeal). He thus had one year from that date to file a timely PCRA petition. 42 Pa.C.S. § 9545(b)(1) (providing that a PCRA petition must be filed within one year of the judgment of sentence becoming final). In other words, to be timely, the underlying PCRA petition had to be filed by March 4, 2011. *See, e.g.*, ***Commonwealth v. Brown***, 943 A.2d 264, 268 (Pa. 2008) (holding "in circumstances in which no timely direct appeal is filed relative to a judgment of sentence, and direct review is therefore

unavailable, the one-year period allowed for the filing of a post-conviction petition commences upon the actual expiration of the time period allowed for seeking direct review, as specified in the PCRA."). The instant petition, filed December 13, 2017, is therefore untimely.

Dartoe has asserted that he has provided newly discovered facts under 42 Pa.C.S. 9545(b)(1)(ii). Specifically, Dartoe first claimed that he received a letter from the Pennsylvania Innocence Project, dated April 23, 2018, which had attached a copy of a letter written on April 12, 2018 by another prisoner, Thorne Thomas,[4] and that this letter claimed responsibility for Dartoe's crimes. By the time of the evidentiary hearing, however, Attorney Levin declined to pursue the information contained in the 2018 letter, maintaining only that the court lacked jurisdiction because of the alleged error made about Dartoe's age.

Attorney Levin's petition also presented purported "new" information received from Attorney Roy,[5] asserting that Dartoe was born on July 4, 1995. N.T. 4/27/23, at 38-39. This date comports with immigration records, but contradicts Judge Reynolds's 2007 finding that Dartoe's birth date was July 4, 1992. We note that the supplemental petition disclosed neither when Attorney Roy received the new information, nor when Dartoe became aware of it.

_____

[4] According to the opinion filed by the trial court, this person "claimed to be" Dartoe's younger brother. PCO at 4. According to the Commonwealth's brief, this is Dartoe's cousin. Brief for Appellant at 9.

[5] It is unclear when Attorney Roy became involved with Mr. Dartoe.

The newly discovered facts exception "renders a petition timely when the petitioner establishes that 'the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence.'" ***Commonwealth v. Small***, 238 A.3d 1267, 1271 (Pa. 2020), quoting 42 Pa.C.S. § 9545(a)(1)(ii). A PCRA court must first determine whether "the facts upon which the claim is predicated were unknown to the petitioner[.]" ***Id.*** (quotation marks omitted). If the PCRA court concludes that the facts were unknown, then the PCRA court must next examine whether "the facts could have been ascertained by the exercise of due diligence[.]" ***Id.*** (citation and quotation marks omitted). "Due diligence demands that the petitioner take reasonable steps to protect his own interests." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015). The rule that a petitioner must explain why he could not have learned the new facts earlier with the exercise of due diligence is strictly enforced. ***Id.***

The PCRA court in the instant case found that Dartoe had provided newly discovered facts in the form of "testimony from an uncle who had sent his nephew to foster care when he was less than eight years old." PCO at 1. The PCRA court explained that the uncle's testimony made "a persuasive showing that a criminal court jurisdictional violation occurred leading to a miscarriage of justice; a juvenile who was **under the age of fourteen** when he committed offenses that brought him over thirteen years in state prison…." ***Id.*** at 2. This was error because the uncle's information cannot be a "newly discovered fact." The information was available in court as early as 2007.

The PCRA court here conflated the timeliness exception contained in the PCRA for newly discovered facts – specifically, 42 Pa.C.S. § 9545(b)(1)(ii) – with the after-discovered evidence eligibility-for-relief provision set forth in 42 Pa.C.S. § 9543(a)(2). Critically, the newly discovered fact exception does not entail an analysis of the *merits* of the underlying claim. **Bennett**, 930 A.2d at 1271 . Rather, "the statutory language commands that the operative 'facts' be 'unknown' to the petitioner." **Id.** Accordingly, the court must first evaluate whether Dartoe has put forth facts, **newly known to him**, in support of his claim that the court did not have jurisdiction over him because he was under the age of 14 at the time of the offense.

Dartoe has not claimed that his age was previously unknown to him, just that it had not been properly established in court. However, we note that "the focus of the exception found at § 9545(b)(1)(ii) is on newly discovered **facts**, not on newly discovered or newly willing **sources** that corroborate previously known facts or previously raised claims." **Commonwealth v. Maxwell**, 232 A.3d 739, 745 (Pa. Super. 2020) (emphasis added).

Here, the PCRA court credited Cheywlue's testimony that Dartoe was born in 1995, and not 1992, after receiving his testimony at the PCRA hearing on April 27, 2023. However, while this is relevant to the merits of the after-discovered evidence claim, it is irrelevant as far as the timeliness issue. As the Commonwealth points out, Cheywlue is mentioned in July 2005 juvenile history notes from Dartoe's file, which were compiled before Judge Reynolds

- 10 -

denied decertification in 2007, and which would have been a part of the record that Judge Reynolds reviewed before the decertification hearing.

Thus, Cheywlue provided no "new" information for the PCRA court such that Dartoe established an exception to the timeliness rule for PCRA petitions. The issue of Dartoe's age was extensively litigated prior to Judge Reynold's decision on this issue in 2007. Cheywlue is simply a new source of information on the issue. In fact, as Cheywlue's information was available prior to the decertification hearing, he is not even a **new** source. Accordingly, we conclude that the PCRA court erred in finding that Dartoe's PCRA petition was timely under the newly discovered fact exception in 42 Pa.C.S. § 9545(b)(1)(ii).

Because Dartoe has failed to provide new facts that he was unaware of prior to his decertification hearing, we find as a matter of law that Dartoe failed to invoke the newly discovered fact exception. **See Maxwell**, 232 A.3d at 747. Accordingly, we reverse the order granting PCRA relief and remand for re-imposition of Dartoe's judgment of sentence.

Order reversed. Case remanded with instructions. Jurisdiction relinquished.

Judge McLaughlin joins this memorandum.

Judge Kunselman files a concurring memorandum.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/3/2026