J-S22042-24

2024 PA Super 185

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                             :         PENNSYLVANIA
                             :
              v.             :
                             :
                             :
HERVEY FRANCES HOWELL, JR.   :
                             :
          Appellant          :  No. 1419 WDA 2023

Appeal from the PCRA Order Entered October 20, 2023
In the Court of Common Pleas of Potter County Criminal Division at
No(s):  CP-53-CR-0000242-2021

BEFORE:  PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

OPINION BY BENDER, P.J.E.:                    **FILED: August 20, 2024**

Appellant, Hervey Frances Howell, Jr., appeals from the post-conviction court's October 20, 2023 order denying his timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

The facts of Appellant's underlying convictions can be briefly summarized as follows.  In August of 2021, Appellant communicated, via telephone and Facebook messaging, with a confidential informant (CI) who was located, and working with authorities, in Potter County.  During the conversations, Appellant was located in Tioga County.  Appellant and the CI arranged a drug sale, which ultimately occurred in Tioga County.  Following the sale, Appellant was taken into custody in Tioga County by officers with the

Potter County Drug Task Force. Subsequent testing confirmed that Appellant possessed and sold the CI narcotics, including methamphetamine.

Ultimately, Appellant was charged with various offenses in Potter County. On March 25, 2022, he entered a negotiated plea agreement, in the Potter County Court of Common Pleas, to attempted possession with intent to deliver (PWID), 35 P.S. § 780-113(a)(30), and criminal use of a communication facility, 18 Pa.C.S. § 7512(a). On May 23, 2022, Appellant was sentenced to the agreed upon, aggregate term of 48 to 96 months' imprisonment. His remaining charges were *nolle prossed*.

Appellant did not file a direct appeal. Instead, on May 30, 2023, he filed a timely, *pro se* PCRA petition. Counsel was appointed and filed an amended petition on Appellant's behalf on July 14, 2023. On September 11, 2023, the Commonwealth filed an answer and motion to dismiss Appellant's petition. On September 25, 2023, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. Appellant filed a response, but on October 20, 2023, the court issued an order dismissing his petition.

Appellant filed a timely notice of appeal, and also complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The PCRA court thereafter filed a Rule 1925(a) opinion. Herein, Appellant states one claim for our review:

1. Whether the PCRA court's conclusion of law[,] that the Potter County Court of Common Pleas properly exercised its subject matter jurisdiction over Appellant's case[,] was incomplete and

- 2 -

erroneous because the PCRA court failed to assess whether Appellant's case presented the type of limited circumstances and good cause which would warrant the exercise of jurisdiction outside of the geographically proper judicial district, *i.e.*, the district which was the locus of the crime, and [because] in this case, no such limited circumstances or good cause, in fact, existed?

Appellant's Brief at 4.

We begin by noting that:

"In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error." ***Commonwealth v. Johnson***, … 966 A.2d 523, 532 ([Pa.] 2009). We pay great deference to the findings of the PCRA court, "but its legal determinations are subject to our plenary review." ***Id.***

***Commonwealth v. Matias***, 63 A.3d 807, 810 (Pa. Super. 2013).

Here, Appellant contends that the PCRA court erred by dismissing his petition challenging the Potter County Court of Common Pleas' jurisdiction to accept his plea and impose his sentence, when the "locus of the crime" was Tioga County, and there were no circumstances or good cause for the case to be heard in Potter County. Appellant's Brief at 18, 19.

No relief is due. In ***Commonwealth v. Bethea***, 828 A.2d 1066 (Pa. 2003), our Supreme Court examined "whether the Court of Common Pleas of Franklin County had subject matter jurisdiction to hear and decide the case against … Bethea involving violations of the Pennsylvania Crimes Code, ('Crimes Code') when the underlying criminal episode occurred in Cumberland County." ***Id.*** at 1069. The Court began by addressing the "confusion regarding the concepts of venue and subject matter jurisdiction." ***Id.*** at 1074.

As "[t]he initial step in this process[,]" the Court "clarif[ied] and expressly [held] that ***all courts of common pleas have statewide subject matter jurisdiction in cases arising under the Crimes Code***." *Id.* (emphasis added). Thus, the ***Bethea*** Court concluded that the Franklin County Court of Common Pleas "possess[ed] subject matter jurisdiction in [that] matter[,]" and "the proper focus of th[e] appeal [was] upon the question of ***venue***." *Id.* (emphasis added). In support, the ***Bethea*** Court explained:

> Subject matter jurisdiction relates to the competency of a court to hear and decide the type of controversy presented. ***McGinley v. Scott***, … 164 A.2d 424 (Pa. 1960). Jurisdiction is a matter of substantive law. *Id.* at 428; 42 Pa.C.S. § 931(a) (defining the unlimited original jurisdiction of the courts of common pleas). [Bethea] was charged with violations pursuant to the Crimes Code. Controversies arising out of violations of the Crimes Code are entrusted to the original jurisdiction of the courts of common pleas for resolution. ***See*** 18 Pa.C.S. § 102. Every jurist within that tier of the unified judicial system is competent to hear and decide a matter arising out of the Crimes Code. Pa. Const. Art. 5, § 5 (establishing the jurisdiction of the courts of common pleas within the unified judicial system).

> Venue relates to the right of a party to have the controversy brought and heard in a particular judicial district. ***McGinley***, 164 A.2d at 427–28. Venue is predominately a procedural matter, generally prescribed by rules of this Court. *Id.* at 429; 42 Pa.C.S. § 931(c). Venue assumes the existence of jurisdiction. 42 Pa.C.S. § 931(b) (referencing rules for change of venue in cases within the jurisdiction of courts of common pleas); Pa.R.Crim.P. 584 (relating to the procedure for a change of venue amongst courts of common pleas for the trial of criminal actions).

*Id.* Ultimately, the Court concluded that Bethea's issue constituted a challenge to the venue of his case being Franklin County, when he "was accused of a criminal act that occurred in Cumberland County." *Id.*

In the instant case, although Appellant recognizes the distinction between jurisdiction and venue discussed in *Bethea*, he argues that our Supreme Court

> expressly admonished courts of common pleas *against* exercising jurisdiction outside of the territorial bounds of the judicial district within which the Crimes Code violation occurred unless in "the most limited of circumstances" required as much.  [*Bethea*, 828 A.2d] at 1075.  The Supreme Court further noted the "propriety of imposing geographic limitations on the exercise of jurisdiction" and advised that a criminal action is properly adjudicated "in the place where the crime occurred."  *Id.* [()citing *Commonwealth v. Mulholland*, 702 A.2d 1027 (Pa. 1997)()].  Therefore, per the Supreme Court, despite the constitutional and statutory conveyance of jurisdiction to all courts of common pleas, these regulations cannot be read in a vacuum, and exercise of statewide jurisdiction outside of the proper judicial district should not be permitted in every instance, but rather only "upon good cause shown."  *Id.*

Appellant's Brief at 18 (emphasis in original).

Appellant's attempt to recast his venue claim as a jurisdictional issue is unconvincing.  The *Bethea* Court said that the "*[r]ules of venue* recognize the propriety of imposing geographic limitations on the exercise of jurisdiction.  *Venue* in a criminal action properly belongs in the place where the crime occurred."  *Bethea*, 828 A.2d at 1075 (emphasis added).  The Court then continued:

> This practice recognizes the necessity of bringing a party to answer for his actions in the place where the crime itself occurred because that is where the evidence and the witnesses will most likely be located.  It would be nonsensical to transport defendants, evidence and witnesses from Philadelphia to Erie to resolve criminal charges arising in the former location before a judge and/or jury sitting in the latter location.  *A change of venue*

- 5 -

> *from the situs of the action to a different locale is permitted only upon good cause shown.* Pa.R.Crim.P. 584.

*Id.* (emphasis added).

Clearly, under the rationale of the *Bethea* Court, the Potter County Court of Common Pleas had subject matter jurisdiction over Appellant's criminal case. Appellant's contention that his case should have been heard in Tioga County, because that was the situs of his crimes, is a challenge to the venue of this action, not the court's jurisdiction. Accordingly, the PCRA court did not err in dismissing Appellant's petition, as his venue claim is not cognizable under the PCRA. *See* 42 Pa.C.S. § 9543(2)(i)-(viii) (setting forth the claims that are cognizable under the PCRA).

Moreover, even if Appellant's venue challenge were a cognizable PCRA claim, Appellant waived it by failing to raise it before the trial court or on direct appeal. *See* 42 Pa.C.S. § 9543(3) (stating that to be eligible for relief, a PCRA petition must prove "[t]hat the allegation of error has not been previously litigated or waived"); 42 Pa.C.S. § 9544(b) (stating "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post[-]conviction proceeding"). Appellant also waived any challenge to the venue in this case by pleading guilty in Potter County. It is well-settled that "[a] plea of guilty constitutes a waiver of all non[-]jurisdictional defects and defenses. When a defendant pleads guilty, he waives the right to challenge anything but the legality of his sentence and the validity of his plea." *Commonwealth v. Jones*, 929 A.2d 205, 212 (Pa. 2007) (citations omitted). Thus, for all these reasons, we

conclude that the PCRA court did not err in dismissing Appellant's PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 08/20/2024