J-S42043-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TAZELLE FREDERICK CURTIS | : | |
| | : | |
| Appellant | : | No. 572 MDA 2025 |

Appeal from the PCRA Order Entered April 30, 2025
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0003527-2019

BEFORE: OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY LANE, J.: **FILED: JANUARY 14, 2026**

Tazelle Frederick Curtis ("Curtis") appeals from the order denying his first petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] After review, we affirm.

We provide the following background. On August 18, 2019, the Nanticoke City Police Department filed a criminal complaint against Curtis. The charges arose from an incident involving his discharge of a firearm inside a residence. On October 2, 2019, Curtis agreed to waive his preliminary hearing and to enter a guilty plea. The magisterial district judge scheduled a dispositional hearing for November 21, 2019. Curtis did not plead guilty on November 21, 2019 as contemplated by the earlier agreement. Instead,

_____

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

Curtis requested a trial, and the matter proceeded through extensive pretrial litigation.

On October 13, 2023, Curtis entered a negotiated guilty plea to carrying a firearm without a license and simple assault. Allyson Kacmarski, Esquire ("Plea Counsel"), represented Curtis. During the plea hearing, the trial court conducted an oral colloquy. Curtis stated that he understood the nature of the charges, the rights he was waiving, and the consequences of the plea. Curtis also affirmed that he was entering the plea voluntarily, no one had threatened or forced him to do so, he was not under the influence of drugs or alcohol, and he was satisfied with Plea Counsel's representation. *See* N.T., 10-13/23, at 3-5.

On November 30, 2023, the trial court imposed a sentence of forty-eight months in the intermediate punishment program ("IPP") for carrying a firearm without a license, with a concurrent twelve-month IPP sentence for simple assault. Curtis filed neither a Pa.R.Crim.P. 600 motion in the trial court nor a direct appeal.

On December 5, 2024, the PCRA court appointed present counsel, Matthew Kelly, Esquire ("PCRA Counsel"), to represent Curtis for PCRA purposes. On December 11, 2024, PCRA Counsel filed a timely PCRA petition

on Curtis' behalf,[2] alleging that Plea Counsel was ineffective for: (1) failing to file a Rule 600 motion; and (2) advising him to plead guilty, where "the only reason [he] entered his guilty plea was so that he could have his necessary surgery that Luzerne County Prison was not providing him with."   PCRA Petition, 12/11/24, at 11.

On March 21, 2025, the PCRA court conducted an evidentiary hearing. Curtis called the assistant district attorney previously assigned to the case, who testified regarding various continuances and noted that Luzerne County does not conduct criminal court during July and August, which affected scheduling.   Curtis also called Plea Counsel, who testified that she began representing Curtis after the trial court placed this case on a trial list, that she was aware Curtis had general medical issues but not of any untreated condition at the time of the plea, and that Curtis never raised Rule 600

_____

[2] The thirty-day period for Curtis to file a notice of appeal was Tuesday, January 2, 2024.  **See** Pa.R.A.P. 903(a) (stating that notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"); **see also** 1 Pa.C.S.A. § 1908 (stating that when last day for a statutory filing period falls on a weekend or legal holiday, deadline shall be extended until next business day); Pa.R.A.P. 107 (incorporating 1 Pa.C.S.A. § 1908 with respect to deadlines set forth in the Rules of Appellate Procedure). Because Curtis did not file a notice of appeal, his judgment of sentence for PCRA purposes became final on that day.  **See** 42 Pa.C.S.A. § 9545(b)(3) (providing that a judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, or at the expiration of time for seeking such review).  Curtis then had one year, or until January 2, 2025, to file a timely PCRA petition. **See** 42 Pa.C.S.A § 9545(b)(1) (providing that petitioner must file petition within one year of date judgment of sentence becomes final).  As stated above, Curtis filed the PCRA petition on December 11, 2024.

concerns with her. Plea Counsel further testified that a bench warrant kept Curtis incarcerated at the time of the plea and that the negotiated plea substantially reduced his sentencing exposure.

Curtis testified that: (1) he was diagnosed with pancreatic cancer in February 2021; (2) the condition persisted at the time of the plea; and (3) he entered the plea solely to secure his release from incarceration. Curtis stated that prison staff failed to provide adequate medical care for his pancreatic cancer, administered only two of his seventeen prescribed medications, and did not accommodate his special diet or provide pancreatic supplements. Curtis also asserted that Plea Counsel ignored his request to pursue a Rule 600 claim and discouraged him from seeking a trial.

We further note that although Plea Counsel testified that she visited Curtis in prison and Curtis claimed he entered the plea to secure his release from prison, Curtis at times denied that he was incarcerated at the time of the plea. Curtis also asserted that he was not allowed to speak during the guilty plea colloquy and thus he did not disclose his alleged medical issues. Curtis ultimately stated that he lied at the plea hearing, when he stated he understood the proceedings, was satisfied with counsel, and was entering the plea voluntarily.

On April 30, 2025, the PCRA court issued an order and memorandum opinion denying Curtis' PCRA petition. The PCRA court found Plea Counsel

was credible and determined that Curtis failed to prove ineffective assistance of Plea Counsel.

Curtis filed a timely notice of appeal. Both Curtis and the PCRA court have complied with Pa.R.A.P. 1925.

Curtis raises the following issues for our review:

1. Whether [Plea Counsel] was ineffective in failing to file a motion to dismiss pursuant to [Rule] 600[?]

2. Whether [Plea Counsel] was ineffective in advising [Curtis] to enter an involuntary plea[?]

Curtis' Brief at 1 (unnecessary capitalization omitted).

When reviewing a denial order entered by the PCRA court, our standard of review is as follows:

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. . . . The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions[.]

*Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015) (citations and quotation marks omitted).

In his first issue, Curtis argues that Plea Counsel was ineffective for failing to file a Rule 600 motion to dismiss. It is well settled that:

Counsel is presumed effective. To succeed on a claim asserting the ineffective assistance of counsel, as is raised here, a petitioner must rebut that presumption by pleading and proving, by a preponderance of the evidence, three elements: (1) the underlying claim has arguable merit; (2) counsel had no

reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction. If a petitioner fails to satisfy any one of the three elements, [his] claim fails.

*Commonwealth v. Rizor*, 304 A.3d 1034, 1051 (Pa. 2023) (some citations omitted). Furthermore, a PCRA petitioner asserting counsel's ineffectiveness for failing to pursue a Rule 600 motion bears "the burden of demonstrating that there was arguable merit to the proposed motion and that he was prejudiced by the failure of Plea Counsel to pursue it." *Commonwealth v, Wiggins*, 248 A.3d 1285, 1289 (Pa. Super. 2021).

"[A] plea of guilty constitutes a waiver of all non[-]jurisdictional defects and defenses. When a defendant pleads guilty, he waives the right to challenge anything but the legality of his sentence and the validity of his plea." *Commonwealth v. Howell*, 322 A.3d 243, 247 (Pa. Super. 2024) (citation omitted). Accordingly, a defendant who pleads guilty may not raise a Rule 600 challenge, unless he can show the Rule 600 violation affected the voluntariness of the plea itself. *See Commonwealth v. Gibson*, 561 A.2d 1240, 1242 (Pa. Super. 1989) (citation omitted).

On appeal, Curtis argues "that [Plea C]counsel was ineffective in failing to file [a] Rule 600 motion to dismiss, and that said motion was appropriate under the circumstances." Curtis' Brief at 5. In support, Curtis cites general principles governing Rule 600 and advances his own calculations, contending that 463 days of delay were attributable to the Commonwealth. Based on those calculations, Curtis maintains that Plea Counsel should have pursued

dismissal of the charges under Rule 600 rather than advising him to plead guilty. Curtis further asserts that Plea Counsel lacked a reasonable basis for declining to file a Rule 600 motion and prejudiced him by advising he enter a guilty plea.

In its opinion, the PCRA court reasoned that Curtis waived this ineffectiveness claim because he entered a guilty plea. The PCRA court further stated that in the alternative, even if Curtis had filed a Rule 600 motion, "it would have been denied." PCRA Court Opinion, 4/30/25, at 3. In support, the PCRA court reviewed the continuances and rescheduling and determined none of the delays were attributable to the Commonwealth:

> Although the burden is on Curtis to demonstrate arguable merit, a review of the record reveals that had a Rule 600 motion been filed, it would have been denied. The preliminary hearing was continued and moved by the magisterial district judge resulting in [thirty-three] days of excludable time. There were eleven defense continuance requests which accounted for 610 days of excludable time. On five occasions the court rescheduled trial which amounts to 319 days of excludable time. There is an additional 261 days of excludable time due to Curtis' failure to appear for trial. The total excludable time is 1223 days. None of this delay was caused by the Commonwealth.
>
> The criminal complaint was filed on August 18, 2019. Rule 600(A)(2)(a) provides the Commonwealth with 365 days to commence trial so the mechanical run date would be August 18, 2020. Adding 1223 days to August 18, 2020 results in an adjusted run date of December 24, 2024. Curtis pled guilty on October 13, 2023 so there is no arguable merit to [his] Rule 600 claim.

J-S42043-25

PCRA Court Opinion, 4/30/25, at 3-4 (unnecessary capitalization omitted).[3]

After review of the record, we determine the record supports the PCRA court's denial of relief, albeit on different grounds.[4] **See Mason**, 130 A.3d at 617. First, we respectfully disagree with the PCRA court's analysis that Curtis has waived his ineffectiveness claim merely because he entered a guilty plea. **See** PCRA Court Opinion, 4/30/25, at 3. While the court aptly points out that when a defendant pleads guilty, he waives all non-jurisdictional defects and defenses, Curtis' primary issue, in his PCRA petition, was not of trial court error with regard to Rule 600, but rather of Plea Counsel's alleged ineffectiveness for not filing a Rule 600 motion. Such an ineffectiveness claim was cognizable under the PCRA. **See** 42 Pa.C.S.A. § 9543(a)(2)ii) (providing that to be eligible for relief under the PCRA, a petitioner must plead and prove that his conviction or sentence resulted from "[i]neffective assistance of

_____

[3] For ease of review, when quoting the trial court's opinion, we have changed the references to "Defendant" to "Curtis."

[4] "[T]his Court may affirm a PCRA court's order on any legal basis." **Commonwealth v. Parker**, 249 A.3d 590, 595 (Pa. Super. 2021)

We also observe that on appeal, Curtis does not advance any claim of PCRA court's error, and fails to acknowledge at all the PCRA court's reasoning. Instead, Curtis presents his ineffectiveness claim to this Court as if in the first instance. **See** Curtis' Brief at 5-8. We remind PCRA Counsel that we are "an error correcting court," whose duty is to review the decisions of the PCRA court, and not to undertake *de novo* review of his claims. **See Commonwealth v. Snyder**, 60 A.3d 165, 178 (Pa. Super. 2013) (noting that the Superior Court, "being an error correcting court, will affirm trial court decisions which are in accord with principles of law").

counsel which . . . so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place").

However, on the merits of Curtis' claim, we determine the record supports the PCRA court's denial of relief. Because Curtis pleaded guilty, he waived all non-jurisdictional defects, including any Rule 600 issue. **See Howell**, 322 A.3d at 247. Although the entry of a guilty plea does not categorically preclude a PCRA claim alleging plea counsel's ineffectiveness for failing to pursue a pretrial Rule 600 motion, a petitioner must plead and prove that counsel's omission rendered the plea unknowing, involuntary, or unintelligent. **See Gibson**, 561 A.2d at 1242. Here, Curtis' brief contains no argument that Plea Counsel's failure to pursue a Rule 600 motion impacted the voluntariness of his plea. **See id**. Accordingly, Curtis cannot show, with respect to ineffectiveness, that there was arguable merit to his underlying claim. **See Rizor**, 304 A.3d at 1051. As he has failed to satisfy this element, his ineffectiveness claim fails. **See id**.

In his second issue, Curtis asserts that Plea Counsel was ineffective in causing him to plead guilty. We recognize:

> A criminal defendant has the right to effective counsel during a plea process as well as during trial. The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty. Instead, the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. Therefore, allegations of ineffectiveness in connection with the entry of a guilty plea will

serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea.

***Commonwealth v. Felix***, 303 A.3d 816, 820 (Pa. Super. 2023).

To establish prejudice in the context of ineffectiveness and a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." ***Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa. Super. 2013) (citation omitted).

It is well settled that "[t]o be valid . . ., a guilty plea must be knowingly, voluntarily and intelligently entered." ***Commonwealth v. Kpou***, 153 A.3d 1020, 1023 (Pa. Super. 2016). The trial court must conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. ***See id***. Pursuant to Pa.R.Crim.P. 590, a court should determine that a defendant understands:

> (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his [waiver of his] right to trial by jury; (4) . . . the presumption of innocence; (5) . . . the permissible ranges of sentences and fines possible; and (6) [the principle that] the court is not bound by the terms of the agreement unless the court accepts the plea.
>
> The reviewing [c]ourt will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

***Id***. at 1023-24 (citations omitted and paragraph break added). A defendant "is bound by the statement he makes in open court while under oath and he

may not later assert grounds for withdrawing" that contradict those sworn statements. *Kpou*, 153 A.3d at 1024.

Curtis argues that his guilty plea was involuntary because he was suffering from serious medical conditions while incarcerated, and he entered the plea solely to secure his release from prison. According to Curtis, he informed Plea Counsel of his deteriorating health, told her that he did not want to plead guilty, and maintained his innocence. Curtis claims that he ultimately agreed to plead guilty only because "he would sign anything" to secure his release from incarceration. Curtis' Brief at 9. Curtis contends that Plea Counsel's ineffectiveness rendered his plea involuntary and that, but for Plea Counsel's actions, he would have insisted on going to trial.

In denying relief, the PCRA court explained:

> Prior to accepting Curtis' guilty plea on October 13, 2023, this court conducted an on-the-record colloquy to ascertain whether the plea was knowingly, voluntarily and intelligently entered and if Curtis was aware of []his rights and the consequences of his plea. . . .
>
> Curtis was made aware of and understood the criteria provided in the comment to Rule 590 before entering his guilty plea. He indicated that he understood the terms and conditions of the plea agreement and no one threatened him or forced him to plead guilty. Curtis admitted that he committed the offense and he was satisfied with the representation provided by his attorney. Curtis never mentioned anything regarding his need for surgery.
>
> At the PCRA hearing, Curtis testified that he advised [P]lea [C]ounsel that he signed the guilty plea paperwork to get out of prison due to his health conditions. However, [P]lea [C]ounsel testified that Curtis never told her that the only reason he was accepting the guilty plea was because of his health issues. ***The***

- 11 -

***court finds the testimony of [P]lea [C]ounsel to be credible regarding this issue***. Curtis did not enter a guilty plea for the purpose of being released from prison so he could have surgery. The record supports a finding that his guilty plea was knowingly, voluntarily and intelligently entered. His allegation that [Plea [C]ounsel was ineffective in connection with his guilty plea has no merit. . . .

PCRA Court Opinion, 4/30/25, at 5-6 (unnecessary capitalization omitted and emphasis added).

After review of the record, we determine the record supports the PCRA court's findings of fact and denial of relief. **See Mason**, 130 A.3d at 617. We observe again that on appeal, Curtis fails to address the PCRA court's reasoning, including its discussion of his plea colloquy. At the guilty plea hearing, Curtis affirmed under oath that he understood the nature of the charges, the rights he was waiving, and the consequences of his plea. Curtis expressly stated that he was entering the plea voluntarily, that no one had threatened or forced him to do so, that he was not under the influence of drugs or alcohol, and that he was satisfied with Plea Counsel's representation. Curtis cannot now, in PCRA proceedings, disavow these statements to support an ineffectiveness claim. **See Kpou**, 153 A.3d at 1024.

Moreover, the PCRA court, sitting as factfinder, was free to assess credibility and expressly rejected Curtis' testimony. During cross-examination, Curtis testified that he provided false testimony during the guilty plea colloquy, explaining that he lied when he stated he understood the proceedings, was satisfied with counsel, and was entering the plea voluntarily.

Curtis also offered inconsistent accounts regarding his incarceration and the plea proceedings, at times denying that he was incarcerated when he entered the plea despite also claiming that he pleaded guilty to secure his release from prison. In contrast, Plea Counsel testified that Curtis: (1) did not raise medical concerns suggesting he was incapable of entering a plea; (2) did not assert that he wished to proceed to trial based on innocence; and (3) entered a negotiated plea that substantially reduced his sentencing exposure while he was incarcerated on a bench warrant. The PCRA court expressly found Plea Counsel was credible, and this finding is binding on this Court. **See Mason**, 130 A.3d at 617.

Finally, Curtis failed to establish prejudice. To obtain relief, Curtis had to demonstrate a reasonable probability that, but for Plea Counsel's alleged ineffectiveness, he would have rejected the guilty plea and insisted on going to trial. **See Barndt**, 74 A.3d at 192. Beyond his self-serving PCRA testimony — which the PCRA court found not credible — Curtis offered no evidence that he would have rejected the negotiated plea and proceeded to trial. Accordingly, Curtis failed to meet his burden, and the PCRA court properly denied relief on this claim. As a result, his claims of ineffective assistance of Plea Counsel lack merit.

Thus, we affirm the order denying Curtis' PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 01/14/2026