J-S07045-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
  :
v.   :
  :
  :
  :
TROY DONALD TROUP, JR.   :
  :
Appellant   :   No. 1356 MDA 2025

Appeal from the PCRA Order Entered July 25, 2025
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0001812-2020

BEFORE: BOWES, J., OLSON, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:            **FILED: MAY 5, 2026**

Troy Donald Troup, Jr., "Appellant," appeals from the order denying his petition for collateral relief under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. This appeal follows our October 28, 2024, remand of this matter for the appointment of new PCRA counsel. After careful review, we find that Appellant has not raised any issues of merit. Accordingly, we affirm the PCRA court's order denying relief.

The underlying facts of this case are not in dispute. Briefly, Appellant entered a plea of *nolo contendere* on May 14, 2021, to two counts of aggravated indecent assault of a child (18 Pa.C.S. § 3125(b)), two counts of corruption of minors (18 Pa.C.S. § 6301(a)(1)(ii)), and one count of indecent exposure (18 Pa.C.S. § 3127(a)). In exchange for his *nolo* plea, the Commonwealth dismissed six additional counts. On November 1, 2021, Appellant was sentenced to an aggregate term of five to ten years of

incarceration, followed by 10 years of probation.  Appellant was deemed an SVP and ordered to report under the Sex Offender Registration and Notification Act (SORNA)[1] as a sexual offender for his lifetime.  No direct appeal was taken.

Appellant filed a timely, *pro se*, PCRA petition on November 21, 2022, raising five issues.  Karen L. Domalakes, Esquire, was appointed to represent Appellant and filed an amended PCRA petition.  However, counsel included Appellant's *pro se* PCRA petition as an Appendix to the amended petition, and attempted to incorporate Appellant's claims therein.  Attorney Domalakes also filed a motion to withdraw, maintaining that Appellant's claims were without merit.  The PCRA court denied the motion to withdraw and scheduled a hearing on Appellant's ineffectiveness claims.

Following the PCRA hearing at which trial counsel testified, the court denied Appellant's request for relief and dismissed his petition.  Attorney Domalakes filed a second petition to withdraw, which was again denied.  The next day, Appellant filed, *pro se*, a motion to reconsider the order dismissing his PCRA petition.  Then, on July 10, 2023, Attorney Domalakes filed a *nunc pro tunc* motion for reconsideration and a third motion to withdraw.  Attorney Domalakes also appended Appellant's *pro se* motion for reconsideration to her

_____

[1]  42 Pa.C.S. § 9799.15 (setting registration periods for various offenders).

motion, and requested a **_Grazier_**[2] hearing because Appellant wanted to represent himself. After this hearing, the PCRA court issued an order stating that it was treating counsel's *nunc pro tunc* motion for reconsideration as a post-sentence motion, denied the motion, and advised Appellant that he had 30 days to file an appeal. Order, 10/9/23. The order also noted that Appellant denied at the hearing that he wished to represent himself and wanted counsel to continue to represent him.

Attorney Domalakes filed a fourth motion to withdraw on October 26, 2023, and, following a second **_Grazier_** hearing necessitated by Appellant's claims of ineffectiveness, the PCRA court granted it. Moreover, the court informed Appellant that he could file a *nunc pro tunc* appeal of the October 9 order denying his PCRA petition. Order, 11/17/23. In response, Appellant filed three *pro se* documents on November 20, 2023: a *nunc pro tunc* motion to reconsider the denial of his PCRA petition, a motion to find Attorney Domalakes was ineffective, and a notice of appeal to the Superior Court. On December 11, 2023, the PCRA court denied Appellant's outstanding motions.

A prior panel of this Court recognized the procedural missteps that occurred herein, including the PCRA court's failure to properly advise Appellant of his appellate rights as required by Pa.R.Crim.P. 908(E). Thus, despite the notice of appeal Appellant filed being outside of the 30 days required by

---

[2] **_Commonwealth v. Grazier_**, 713 A.2d 81 (Pa. 1988) (discussing the procedure and standards used to determine whether a litigant has properly waived their right to counsel and may proceed in court *pro se*).

Pa.R.A.P. 903(a) for a timely notice of appeal, this Court deemed the appeal as timely filed. Nonetheless, the Court did not reach the merits of Appellant's claims because of the errors in the **Turner/Finley**[3] no-merit letter filed by Attorney Domalakes. After reviewing the history of the case, we stated:

> In addition to the jurisdictional issues and others discussed above, we are obliged to conclude that Appellant was deprived of his right to counsel in litigating his first PCRA petition when (1) Attorney Domalakes failed to conduct an independent review of Appellant's *pro se* claims and filed an improper and inadequate amended PCRA petition and (2) Attorney Domalakes, after filing an amended PCRA petition, filed an inadequate and deficient **Turner/Finley** motion to withdraw. Therefore, we vacate the June 6, 2023, order and remand to the PCRA court for appointment of new PCRA counsel. On remand, new counsel is to file an amended PCRA petition. Alternatively, if counsel concludes in the exercise of his or her professional judgment that the issues raised in the PCRA proceeding are without merit, counsel may move to withdraw by, *inter alia*, filing a proper no-merit letter under **Turner/Finley** that addresses all potential issues, including those raised in Appellant's amended PCRA petition.

**Commonwealth v. Troup**, No. 1586 MDA 2023, 2024 WL 4589860 (Pa. Super. filed October 28, 2024) (unpublished memorandum).

On remand, the PCRA Court appointed Michael J. Fiorillo, Esquire, to represent Appellant and gave Attorney Fiorillo 45 days to file an amended PCRA petition on Appellant's behalf. Order, 12/12/24. Appellant's amended PCRA petition was filed on January 17, 2025. Following a hearing, the parties were directed to file briefs in support of their respective positions. Both

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa Super. 1988)(*en banc*).

Attorney Fiorillo and the Commonwealth complied. Thereafter, on July 25, 2025, the PCRA court denied relief.

Attorney Fiorillo filed a motion to reconsider the denial of PCRA relief on August 14, 2025, which was denied five days later. On August 26, 2025, the trial court conducted a video conference with Appellant on his desire to represent himself. Following this hearing, Attorney Fiorillo was granted permission to withdraw, and Appellant was granted permission to represent himself *pro se.* Moreover, before withdrawing, Attorney Fiorillo filed what appears to be an untimely notice of appeal on August 26, 2025.[4] This appeal was given Superior Court docket number 1174 MDA 2025.

Appellant then filed, *pro se,* in both the PCRA court and this Court, motions seeking to withdraw the "unauthorized" notice of appeal filed at 1174

_____

[4] Appellant's PCRA petition was denied on July 25, 2025. Counsel filed a notice of appeal on August 26, 2025, 32 days after that order, making it patently untimely. Pa.R.A.P. 903(a) (a timely notice of appeal must be filed within 30 days of the entry of the order being appealed). However, Appellant has withdrawn this notice of appeal.

We further note that motions for reconsideration will not toll the thirty-day period to file a timely notice of appeal unless the lower court expressly grants reconsideration within the 30 days following entry of the order. Pa.R.A.P. 1701(b)(3)(ii). Typically, our rules of procedure do not provide for the filing of post-sentence motions after the denial of PCRA relief, **see** Pa.R.A.P. 910 (an order denying PCRA relief shall constitute a final order for appeal purposes); instead, a motion for reconsideration filed after the denial of PCRA relief should be treated as a second or subsequent PCRA petition. **See Troup, supra**, at *4 (stating that "the PCRA should have treated the *nunc pro tunc* motion for reconsideration as a second or subsequent PCRA petition, since the relief requested – ineffectiveness of counsel - is cognizable under the PCRA").

MDA 2025. Appellant also filed a *pro se* notice of appeal with this Court on September 19, 2025, which was given the docket number 1356 MDA 2025. That same day, Appellant also filed a motion for reconsideration with the PCRA court, which was promptly denied. On November 12, 2025, this Court granted Appellant's motion to withdraw the appeal filed at 1174 MDA 2025. Order, 11/7/25. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925. The appeal at 1356 MDA 2025 is now ready for our disposition.

Before we determine the merits of Appellant's claims, however, we must consider whether this appeal was timely filed, because the timeliness of an appeal implicates this Court's jurisdiction. *Commonwealth v. Crawford*, 17 A.3d 1279, 1281 (Pa. Super. 2011). As noted above, to preserve the right to appeal a final order of the PCRA court, a notice of appeal must be filed within thirty days after the date of entry of the order granting or denying relief. *See* Pa.R.Crim.P. 910 (an order dismissing a PCRA petition is a final order); Pa.R.A.P. 903(a) (a notice of appeal is timely if filed within 30 days of the issuance of the final order being reviewed). Here, the PCRA court denied Appellant's amended PCRA petition on July 25, 2025. Appellant's notice of appeal was not filed until September 19, 2025, well outside of this 30-day period.

Because the notice of appeal was filed more than 30 days after the order denying PCRA relief, and since the PCRA court never expressly granted reconsideration of Appellant's PCRA petition during the 30 days it had jurisdiction to do so, the notice of appeal was not timely filed.

However, we note that, when a PCRA court dismisses a PCRA petition or enters any order in a case, the court must serve copies of that order "on each party's attorney, or the party if unrepresented" and record the date of the service on the docket. Pa.R.Crim.P. 114(c). The order which dismissed Appellant's PCRA petition does not indicate service on Appellant. Order, 7/25/25. Accordingly, we will not quash this appeal on the basis of being untimely filed; "we will treat the time in which to take an appeal as never having started to run and treat the appeal as timely." ***Commonwealth v. Midgley***, 289 A.3d 1111, 1117 (Pa. Super. 2023).

Appellant alleges 11 errors on appeal with varying degrees of clarity, which we set forth herein, *verbatim*:

> 1. Whether the PCRA court acted *ultra vires* by denying reconsideration when it lacked jurisdiction under Pa.R.A.P. 1701(a) and while hybrid representation barred consideration of Appellant's *pro se* filings.
>
> 2. Whether the PCRA court misapplied the Superior Court's October 28, 2024 remand by repeating procedural defects and depriving Appellant of clean, counseled litigation.
>
> 3. Whether the PCRA court misinterpreted 18 Pa.C.S. § 3125 and failed to apply strict construction, lenity, and the Model Penal Code history of § 3126, thereby mis-grading nonviolent digital touching as aggravated indecent assault.
>
> 4. Whether the PCRA court erred by treating charges listed under § 3125(a)(7) as if they had been properly charged and proven under § 3125(b), despite record admissions that the (b) citation was a typographical error.
>
> 5. Whether the PCRA court unconstitutionally revived time-barred offenses by misusing § 5552(c)(3), ignoring Rules 504(4)(a) and 560(B)(3), and removing timeliness (an element under § 103) from the fact-finder in violation of ***Winship, Jackson***, and ***Stogner***.

- 7 -

6. Whether the PCRA court relied on non-admitted forensic summaries in violation of evidentiary rules and due process.

7. Whether Appellant's plea was involuntary due to material legal misadvice regarding § 3125, limitations, and habeas rights.

8. Whether trial counsel was ineffective for failing to file habeas motions, failing to preserve pre-plea challenges, and failing to raise limitations defenses.

9. Whether the PCRA court's findings on "forcible compulsion" were inconsistent with the record and based on non-admitted materials.

10. Whether the Rule 908(E) notice breakdown previously recognized by the Superior Court persisted during the remand proceedings.

11. Whether cumulative error requires reversal.

Brief of Appellant at 4-5.

"We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is free of legal error." *Commonwealth v. Min*, 320 A.3d 727, 730 (Pa. Super. 2024) (citation omitted). The scope of our review is "limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Commonwealth v. Hanible*, 30 A.3d 426, 438 (Pa. 2011) (citation omitted). We defer to the factual findings of the post-conviction court, which was tasked with hearing the evidence and assessing witness credibility. *Commonwealth v. Johnson*, 289 A.3d 959, 979 (Pa. 2023). The PCRA court's legal determinations, however, are subject to plenary review. *Commonwealth v. Nero*, 58 A.3d 802, 805 (Pa. Super. 2012).

To be entitled to PCRA relief, a petitioner must establish the applicability of one or more of the enumerated errors set forth in 42 Pa.C.S. § 9543(a)(2). **Hanible**, 30 A.3d at 438.

> [a] petitioner is eligible for relief under the PCRA if he pleads and proves, *inter alia,* any of following claims: a constitutional violation, the ineffective assistance of counsel, an unlawfully induced guilty plea, the improper obstruction of the right to appeal, the existence of after-discovered exculpatory evidence, the imposition of a sentence greater than the lawful maximum, or a proceeding in a tribunal without jurisdiction. Moreover, a petitioner must plead and prove that an allegation of error has not been waived. A claim is waived under the PCRA if, *inter alia,* it could have been raised on direct appeal.

**Commonwealth v. Price**, 876 A.2d 988, 992–93 (Pa. Super. 2005) (internal citations omitted).

Appellant's first issue herein is "[w]hether the PCRA court acted *ultra vires* by denying reconsideration when it lacked jurisdiction under Pa.R.A.P. 1701(a) and while hybrid representation barred consideration of Appellant's *pro se* filings." Appellant's Brief at 4. In essence, it appears that Appellant is claiming that the PCRA court improperly denied his request for reconsideration of the denial of his PCRA petition and should not have considered any of his *pro se* filings.

"'The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority.'" **Commonwealth v. Wright**, 314 A.3d 515, 523 (Pa. Super. 2024), *quoting* **Eichman v. McKeon**, 824 A.2d 305, 319 (Pa. Super. 2003). **See also** Pa.R.A.P. 2119 (setting forth the requirements for the

- 9 -

argument section of appellate briefs). "It is well-settled that when issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." *Id.* (internal citation omitted). Accordingly, when an appellant fails to provide discussion of the pertinent facts related to his issue on appeal, or does not cite to applicable authorities which support his claim of relief, this Court will not address the issue on appeal. *Id.*

We acknowledge that Appellant is *pro se*. Although this Court will liberally construe materials filed by a *pro se* litigant, such *pro se* status will not garner any particular advantage due to his or her *pro se* status. *Id.* To the contrary, a person who chooses to represent himself in legal proceedings must assume, to a reasonable extent, that his lack of expertise and legal training will be his undoing. *See Wheeler*, *supra*, 314 A.3d at 1288 n.7. "It is not our duty or our prerogative to develop arguments for an appellant." *Wright*, 314 A.3d at 523. Herein, Appellant does not explain how the PCRA court's consideration of his pro se filings affected the disposition of his petition, nor does he identify any relief to which he would be entitled. This Court will not act as counsel and develop an argument on his behalf. *Commonwealth v. Tchirkow,* 160 A.3d 798, 804 (Pa. Super. 2017).

Appellant's second issue on appeal is that the PCRA court misapplied this Court's October 28, 2024 remand order. Specifically, Appellant alleges that the PCRA court repeated procedural defects that were present in his first appeal and denied him "clean, counseled litigation." In his Brief, Appellant

suggests that the PCRA court failed to address his core PCRA claims and erred by permitting hybrid representation. Appellant's Brief at 4, 17-18.

Appellant's prior PCRA litigation resulted in a remand "to appoint new PCRA counsel and to conduct proceedings anew on Appellant's PCRA claims." ***Troup***, *supra,* at *15. The PCRA court appointed Attorney Fiorillo just days after receiving the remand order. Order, 12/12/24. Attorney Fiorillo filed an amended PCRA petition on Appellant's behalf on January 17, 2025, which was then litigated. Appellant has misconstrued our prior decision. The remand order was fulfilled, and this issue is without merit.

Appellant's next claim involves his convictions for aggravated assault of a child, 18 Pa.C.S. § 3125(b). Appellant alleges that the proper charge for his actions was under section 3126, not 3125. The crux of Appellant's argument is that aggravated indecent assault is a crime of violence and, since he committed no violent act, his conviction must be overturned.

Appellant's claim challenges the sufficiency of the evidence to support his convictions for aggravated indecent assault. "Generally, an appellant may not raise allegations of error in an appeal from the denial of PCRA relief as if he were presenting the claims on direct appeal." ***Commonwealth v. Price***, 876 A.2d 988, 995 (Pa. Super. 2005) (finding a sufficiency challenge is not cognizable under the PCRA). Appellant has put forth a claim that is not cognizable under the PCRA.

More importantly, Appellant entered a *nolo contendere* plea in this matter. Regarding its effect on a case, "a plea of *nolo contendere* is treated

the same as a guilty plea." ***Commonwealth v. Bradley***, 326 A.3d 982, 987 (Pa. Super. 2024). "It is well-settled that a plea of guilty constitutes a waiver of all non-jurisdictional defects and defenses. When a defendant pleads guilty, he waives the right to challenge anything but the legality of his sentence and the validity of his plea." ***Commonwealth v. Howell***, 322 A.3d 243, 247 (Pa. Super. 2024). Because Appellant entered his plea, he has waived this challenge.

Appellant's next claim also challenges the Section 3125(b) convictions, and asserts that the PCRA court "effectively amended the Information after the plea" in violation of ***Commonwealth v. Roser***, 914 A.2d 447 (Pa. Super. 2006), and Pa.R.Crim.P. 560. Appellant's claim is based upon trial counsel's offhand remark at Appellant's first PCRA hearing that the reference to Section 3125(b) "must have been a typo." N.T., PCRA hearing, May 4, 2023, at 15-16. Appellant is simply wrong. The court did not amend his charges.

While it is true that **both** subsections 3125(a)(7) and (b) include the same element - that the victim be under the age of 13 - we have found no requirement, and Appellant offers no support for any, that the Commonwealth must charge the defendant under one subsection or the other in any case involving victims under 13. Rather, our Supreme Court has emphasized that "the ultimate discretion to file criminal charges lies in the district attorney." ***Commonwealth v. Clancy***, 192 A.3d 44, 53 (Pa. 2018), *quoting* ***Commonwealth v. Stipetich***, 652 A.3d 1294, 1295 (Pa. 1995). The charging function is wholly discretionary with the district attorney, both

regarding the initial charges filed and with respect to which charges to pursue through plea negotiations and the like. *Id.* Moreover, we remind Appellant that he entered a plea in this matter, waiving this claim. *Howell, supra*.

Appellant next challenges whether all crimes he was charged with are time-barred by the statute of limitations, asserting that, under 42 Pa.C.S. § 5552(a), the Commonwealth must have filed the charges against him within two years of the acts in question.

Initially, we observe that a claim that the statute of limitations has expired in a criminal case is waivable. *See Commonwealth v. Rossetti*, 863 A.2d 1185, 1190 (Pa. Super. 2004). Our Supreme Court has found that a statute of limitations claim is waived if not raised in a pretrial omnibus motion seeking dismissal of the charges. *Commonwealth v. Darush*, 459 A.2d 727, 730 n.4 (Pa. 1983). This Court has also found that statute of limitations claims are waived when not raised at the first available opportunity and when raised after the imposition of sentence. *See Commonwealth v. Stover*, 538 A.2d 1336, 1339 (Pa. Super. 1988). *Stover* held that a defendant had from the expiration date of the statute of limitations until the date of his sentencing to raise the issue regarding the statute of limitations; moreover, the failure to raise the issue in a timely fashion constituted a waiver

of the claim. *Id.* at 1339. Thus, a statute of limitations defense is waived if not raised before the date of sentencing. *Id.*[5] Appellant's claim is waived.

Appellant next asserts that the PCRA court erred by relying on evidence that was not properly admitted, violating his right to due process. Without citation to pertinent authority, Appellant argues that the Commonwealth marked forensic interviews with the victims in this case as exhibits at the PCRA hearing and the court erred in relying on these interview summaries when denying him relief. Inexplicably, Appellant claims that this violates *Commonwealth v. Young*, 317 A.2d 258 (Pa. 1974), a case involving the jury instruction given for "reasonable doubt" which is wholly inapplicable to the instant case. Once again, Appellant fails to develop this argument with any analysis or citation to authority. Thus, the issue is waived and we will not consider it further. *Wright, supra.*

Appellant's next issue is that his plea was involuntarily entered because of his plea counsel's ineffective assistance. In evaluating any claim encompassing an allegation of ineffective assistance of counsel, the following standards apply:

---

[5] We further note that, had we reached the merits of Appellant's statute of limitations claim, we would have concluded that it was without merit because Appellant does not reference the **applicable** statute of limitations. Charges under 18 Pa.C.S. § 3125(b) have no time limitation under the statute, per 42 Pa.C.S. § 5551. Charges of corruption of minors and indecent exposure are provided for in the "exceptions" to the limitations statute as set forth in § 5552(c)(3) such that the statute does not even begin to run until the victim is 18 years of age, and expires when the victim turns aged 55. 42 Pa.C.S. § 5552(c)(3).

> A PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. In Pennsylvania, we have refined the **Strickland [v. Washington**, 466 U.S. 688 (1984)] performance and prejudice test into a three-part inquiry. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result.

*Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (most internal citations omitted). If an appellant fails to satisfy any prong of the ineffectiveness standard, the claim will fail. *Commonwealth v. Fitzgerald*, 979 A.2d 908, 911 (Pa. Super. 2009). The requirement to demonstrate "actual prejudice" to prove a claim of ineffective assistance of counsel under the PCRA means that petitioners must establish a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. *Commonwealth v. Mullen*, 267 A.3d 507, 512 (Pa. Super. 2021) (citation omitted). Moreover, "boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective." *Commonwealth v. Sandusky*, 203 A.3d 1033, 1044 (Pa. Super. 2019) (citation omitted).

More specifically with respect to the entry of a guilty plea, it is well established that

> [a]llegations of ineffectiveness in connection with the entry
> of a guilty plea will serve as a basis for relief only if the

ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Commonwealth v. Kapellusch*, 323 A.3d 837, 848 (Pa. Super. 2024).

The following is a recitation of the entirety of the argument contained in Appellant's brief on this issue:

Counsel misadvised Appellant regarding:

- The grading of § 3125 vs. § 3126,

- The absence of statutory aggravators,

- Whether digital touching qualifies as "aggravated,"

- The expiration of limitations periods for several offenses,

- The defective charging documents,

- Habeas rights forfeited through waiver of the preliminary hearing.

A plea based on incorrect legal advice violates due process. *Commonwealth v. Allen*, 732 A.2d 582 (Pa. 1999).

Because Appellant relied on counsel's incorrect statements about the law, the plea cannot be considered knowing, intelligent, or voluntary.

Brief of Appellant at 34.

Appellant does not even mention the standard of review necessary for litigating a claim of ineffective assistance of counsel. Accordingly, he does not argue the three prongs required for relief on such a claim. *See generally, Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987) (establishing the standard of review for ineffectiveness claims). Appellant's wholly undeveloped

- 16 -

argument on this issue prevents any meaningful review. This issue has been waived.[6] ***Wright, supra***.

Appellant next asserts that counsel was ineffective for failing to file a motion for *habeas corpus* relief, which he maintains would have resulted in his release from custody due to errors in the complaint. Appellant claims that counsel should have challenged the dates contained in the information as being "defective" because they challenge his ability to raise defenses pursuant to his incorrect reading of the statute of limitations. He also maintains that counsel should have challenged the "charging error" which he continues to claim is a "typo" in that he was charged under the incorrect section of the statute, and that the grading of his offenses should have been challenged. However, "once a defendant has gone to trial and has been found guilty of the crime or crimes charged, any defect in the preliminary hearing is rendered immaterial." ***Commonwealth v. Dixon***, 276 A.3d 794, 799 (Pa. Super. 2022). Thus, Appellant cannot obtain relief, after his plea, due to the failure of counsel to file a pre-trial *habeas* petition.

In his ninth claim on appeal, Appellant maintains that the PCRA court's findings regarding forcible compulsion were inconsistent with the record.

---

[6] Even if we had addressed the merits of this claim, we would have found that Appellant is not entitled to relief on this basis. Appellant has misconstrued the evidence presented and various legal theories associated with his case, especially the applicable statute of limitations and what acts are sufficient to support his conviction under 18 Pa.C.S. § 3125(b). Had we considered the issue, we would conclude that his claims of error lack arguable merit because of his deficient analysis of the facts of his case.

- 17 -

Appellant notes that the charging documents did not discuss forcible compulsion. Appellant again raises his trial attorney's remark at his first PCRA hearing that the reference to Section 3125(b) – the section under which Appellant was convicted, twice – was a "typo" in the information, and asserts that the court must have "constructively amended" the information in his case.

Appellant's asserted theory for relief is simply wrong. Further, we remind Appellant that he entered a *nolo* plea to the charges against him, and he has never sought to withdraw his plea. *See* N.T. Nolo Contendere plea, 5/14/21. Appellant also does not couch this issue in terms of ineffective assistance, *e.g.*, that counsel ineffectively advised him to accept the *nolo contendere* plea. After review, we conclude that Appellant was appropriately charged, and that the certified record supports his plea. No relief is available on this basis.

In his tenth issue, Appellant claims that his rights under Pa.R.Crim.P. 908(E), which we discussed in Appellant's previous appeal, were again violated in the remand. This Rule, dealing with when hearings should be conducted on petitions filed under the PCRA, provides:

**Rule 908.  Hearing**

\*     \*     \*

(E) If the judge disposes of the case in open court in the presence of the defendant at the conclusion of the hearing, the judge shall advise the defendant on the record of the right to appeal from the final order disposing of the petition and of the time within which the appeal must be taken. If the case is taken under advisement, or when the defendant is not present in open court, the judge, by certified mail, return receipt requested, shall advise the defendant

- 18 -

of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed.

Pa.R.Crim.P. 908(E).

Following the second PCRA hearing in this case, which occurred on May 8, 2025, the PCRA court asked the parties to submit briefs. N.T., 5/8/25 at 30-31. Thereafter, the court issued an order denying relief, which included the following paragraph:

> Petitioner is hereby notified pursuant to Pa.R.Crim.P. 908(e) that he has the right to appeal from this final order disposing of this Motion for Post-Conviction Collateral Relief, and that the appeal must be filed with the Superior Court of Pennsylvania within thirty (30) days of the date hereof.

Order, 7/25/25. This order was marked as being sent via certified mail, return receipt requested, and served on the attorneys herein.[7]

Accordingly, there was no violation of Rule 908(E) herein. Moreover, had there been such a violation, it would not reverse Appellant's convictions, as he suggests. Rather, if there is a violation of Rule 908(E), it is considered a breakdown in the processes of the court and an appellant's untimely appeal may avoid quashal on that basis. *See **Commonwealth v Patterson***, 940 A.2d 493, 498-99 (Pa. Super. 2007). Appellant has not filed an untimely appeal. He will not find relief based on this claim.

Finally, Appellant maintains that the cumulative effect of the multiple errors in his case requires reversal of his convictions. In support of this issue,

---

[7] Service upon Appellant's counsel was appropriate here, as it is a permissible method of service pursuant to Pa.R.Crim.P. 114(B)(3)(a)(i). Attorney Fiorillo was Appellant's counsel of record when the order was issued, not withdrawing from representing Appellant until September 2, 2025.

Appellant cites to **Commonwealth v. Johnson**, 966 A.2d 523, 532 (Pa. 2009), which does note that "if multiple instances of deficient performance are found, the assessment of prejudice properly may be premised upon" the cumulative effect of such errors on a trial. However, there is a corollary to this statement, also included in **Johnson**, which is that "no number of *failed* ineffectiveness claims may collectively warrant relief if they fail to do so individually." **Id.** (cleaned up) (emphasis added). Herein, none of Appellant's claimed errors have any merit. Appellant has misinterpreted what had occurred below, and failed to adequately present any issues of merit in this appeal. His brief is devoid of legal citation or appropriate argument regarding the relevant legal principles involved here, such as ineffective assistance of counsel. Appellant has utterly failed to establish, or even argue, that his plea was not knowingly or voluntarily entered. Appellant is not entitled to PCRA relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/05/2026

- 20 -